SARAH D. WINCHESTER

*v.*

MARY E. GROSVENOR.

| 48 | 517 |
| 141 | 581 |
| 144 | 288 |
| 40a | 599 |
| 41a | 402 |

1. EQUITY—*injunction—grounds for granting.* Where there has been a trial at law, and the defendant filed a bill, alleging that plaintiff in the suit at law was indebted to defendant for money loaned, property sold, and for damages on a breach of the contract: *Held,* that these are claims cognizable in a court of law, and should have been set up as a defense by way of set-off, and, after a recovery, they form no ground for granting an injunction.

2. SAME—*new trial decreed in equity.* Courts of equity have jurisdiction to decree a new trial at law, for mistake, accident or fraud; but a mere mistake of an attorney in advising a particular defense, is not such a mistake; nor the fact that the attorney abandoned the defense of the suit, and the defendant was compelled to employ other counsel who tried the case, such an accident, and, in the absence of fraud, the court will not decree a new trial at law.

3. SAME—*account.* Where a bill is framed for an injunction, but incidentally states that, on one partner's buying out the other, it was agreed that the partnership books should be balanced and the accounts settled, but alleged that complainant had paid a large sum towards the purchase, and a considerable sum

was still due thereon, such a bill can not be held to be a bill for an account, as the statement amounts to an admission that nothing was due complainant on account of partnership matters, and the bill is defective and subject to a demurrer.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Mr. GEORGE F. HARDING, for the appellant.

Messrs. BARKER & TULEY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in equity, filed by appellant, in the Superior Court of Chicago, against appellee, to restrain the entry of a judgment in the Superior Court of Chicago, and from further proceedings in the case.

The bill alleges, that the suit at law was brought by attachment, against the property of complainant, who was, and still is, a married woman; that she was defeated in her defense by her husband; that large costs have been awarded against her; enormous obligations imposed upon her; and disastrous losses inflicted upon her by the malignant and wilful misconduct of appellee and her husband as her agent; that complainant, in the name of her husband, entered into a co-partnership with Thomas Grosvenor, in the brewing of ale in the city of Chicago; complainant furnished the money and was to keep the books; that it afterwards appeared that Grosvenor claimed that he was carrying on and conducting the business in his name as an ostensible partner, but in fact for the benefit of his wife and with her means.

That on a dissolution of the partnership, the product of the business, the ale, hops and malt, were sold and turned over

to complainant at the sum of one thousand dollars, the price agreed upon by the parties; that at that time about four hundred dollars was left unpaid, upon the bill of sale, and another contract was made, being a part of the agreement for a dissolution, by which Grosvenor agreed to sell complainant two hundred ale barrels, for which she was to pay three dollars and fifty cents each on delivery, and Grosvenor was to give his personal attention and labor, for three months, to the business, free of charge; that the price of the barrels was to be credited on complainant's capital furnished in the business, and which Grosvenor was to pay back to her; that it was at the time agreed that the partnership books should be settled and balanced, which had never been done; that Grosvenor, finding that he would fall in debt to complainant on a settlement, prevented such settlement, and failed to furnish his labor in the business; that she had lost thereby $1,000, as damages; that she was thereby compelled to sell out at a loss of two thousand dollars.

That Grosvenor and wife had obtained money, coal and ale casks amounting to $112; that she has always been ready to settle the partnership accounts, but Grosvenor has refused; that Grosvenor caused an attachment to be levied on the malt house whilst complainant was in the act of moving it, thereby preventing her from malting 5,000 bushels of barley therein, which she had done at another place at a loss of five hundred dollars; that the attachment was also levied upon a quantity of personal property, which was kept by the sheriff at large expense—nearly equaling its value; that it was served on one Fleming, who was indebted to complainant in the sum of $4,000, which was then secure, but has since become insecure, if not altogether lost; that complainant purchased forty barrels of ale of Grosvenor, at six dollars per barrel, on his representation that it was good, but which was valueless, whereby she lost $240; that he represented the malt house

as being perfect and complete, when it was not; that he owned it, when he but owned it in part.

That appellee claims to be the principal; that Thomas Grosvenor was her agent, and all of the property sold by him to complainant belonged to her, and that she was, for that reason, conducting the suit at law against complainant; that appellee is, therefore, liable for the acts of her agent, and the losses and indebtedness created by him are a proper set-off in that suit; that he, as such agent, commenced the suit at law on the 18th of February, 1866, by suing out a writ of attachment in the name of appellee, and at that time appellee was indebted to complainant.

That a plea in abatement, and several pleas in bar, were filed in that cause; that under the advice of counsel, she relied upon, and prepared proof under the plea in abatement, and her attorney, having taken offense at her husband, abandoned the case; at the trial she was compelled to employ other counsel not familiar with the case, and when the trial was had, the court held, that by filing the pleas in bar the plea in abatement was waived; that appellee, owing to the want of preparation on the part of appellant, recovered judgment, which appellant removed to the supreme court by appeal, and the same was argued at the April term, 1867, of that court, and a decision was subsequently rendered reversing the judgment of the court below, but giving appellee the right, if she should choose, to remit $300, and enter judgment for the balance of the verdict.

The prayer is for an injunction to restrain the entry of the judgment at law, or the further prosecution of the suit, and that the partnership matters be closed up and settled. Appellee filed a demurrer to the bill, which was sustained by the court and the bill dismissed, and the case is now brought to this court, and a reversal is asked upon the ground that the bill presented grounds for equitable relief.

The doctrine is well settled, that courts of equity will restrain courts of law from proceeding to judgment, or, if judgment has been rendered, from its collection, if the defendant has a defense in equity which could not be made at law, and which renders the judgment, when obtained, inequitable and unjust; or, where the judgment is obtained and the defendant had a good legal defense, but has been deprived of it by accident, mistake or fraud, a court of equity will decree a new trial at law. But in this case it is not claimed that the defense is equitable. It consists, according to the allegations of the bill, in claims for the value of property sold, damages sustained by breach of warranty on the sale of property, and for money loaned. For any and all of these a suit at law could be maintained, or the damages which are claimed to have arisen out of the contract upon which appellant was sued, with other indebtedness, were proper matter of set-off in that suit. As to the damage claimed to have arisen from the wrongful attachment of appellant's property, the remedy is ample and complete on the attachment bond. So of damages sustained, if the writ was improperly sued out, by garnishee-ing Fleming. None of these grounds give jurisdiction to a court of equity to stay the collection of the judgment.

Nor does it appear that there was accident, mistake or fraud, such as would authorize a court of equity to decree a new trial at law. Appellant appeared, filed pleas, introduced evidence, and had a trial of the cause, and the mere fact that her attorney gave her advice which turned out to be opposed to the judgment of the court, or the fact that her attorney abandoned the case before the trial, does not constitute accident or mistake of the character upon which a court of equity acts. It might have afforded ground for delaying the trial below, if application had been made for the purpose. Such mistakes as giving advice that is not sustained by the court, has never been held to be such a mistake as will afford equitable relief. Nor has the abandonment of the cause by the attorney of a

66—48TH ILL.

party, where other counsel has been employed and a trial had, been held to be an accident affording ground for relief, These defenses, so far as they could be interposed, should have been set up at law.

It remains to determine, whether the court below should have denied the injunction and retained the bill for the statement of the accounts between the parties, alleged to have been made while the partnership existed. The bill does not appear to have been framed with a view to having a statement of accounts, but rather and only with the purpose of obtaining an injunction to stay the proceedings at law. It is true, that the bill alleges that the books were to have been balanced and accounts settled, which had not been done; that Grosvenor ascertained, from an examination, that he was indebted to appellant, and designed to prevent a settlement of the accounts for the purpose of defrauding her. There is no positive averment that Grosvenor or appellee is indebted to appellant on account of the firm business; nor is there any allegation that she ever called upon appellee for a settlement, or that appellee designed to defraud her. The allegation is, that it was her husband, who was her agent, who had that design. Nor does the prayer indicate that the bill proceeded for a settlement of accounts. It is that the partnership matters may be closed up and settled. There is no prayer that they be required to make out and submit an account, and that the balance on their partnership dealings may be ascertained, and for a decree for the balance to appellant. And in the bill it is alleged that appellant had purchased out Grosvenor's interest, or that which he represented, in the firm, and took a bill of sale, and that she then paid him $3,230. This allegation seems to be repugnant to the claim that there was not a settlement of the firm business. Also that there remained about four hundred dollars unpaid on the bill of sale. If Grosvenor had been indebted to her on account of firm matters, why pay him over three thousand dollars and say that there still remained over four

hundred dollars unpaid on the purchase? This, certainly, is a clear admission that nothing was owing her from that source, and, unexplained, fully warranted the court below in sustaining the demurrer, if it was claimed that the bill was filed for an account.

We perceive no error in this record, and the decree of the court below is, therefore, affirmed.

*Decree affirmed.*