ALICE GRIFFITH, *Appellant*, v. INVESTMENT COMPANY, A CORPORATION, WILLIAM B. ROGERS, B. F. McCALL, JR., AND WIFE BRADSHAW McCALL, JAMES B. McDONALD AND WIFE MINNIE E. McDONALD, CHARLES W. CHASE AND WIFE MINERVA CHASE, *Appellees*.

Division B.

Opinion Filed October 21, 1926.

1. An attorney acting within the scope of his authority represents his client and his acts of omission as well as commission are to be regarded as the acts of the person he represents and therefore his neglect is equivalent to the neglect of the client himself.

An Appeal from the Circuit Court for Alachua County; A. V. Long, Judge.

Affirmed.

*E. G. Baxter, S. L. Scruggs* and *L. D. Campbell,* for Appellant.

*C. R. Layton* and *T. B. Ellis, Jr.,* for Appellee.

TERRELL, J.—Early in the year 1917, appellant, Alice Griffith employed counsel and brought suit to quiet her title to certain lands therein more specifically described. After this suit was instituted the appellant left the State for some time, but placed her agent in charge of said lands. The said agent frequently called on her attorney and inquired as to the progress of the suit to quiet title and in each instance was advised that it was proceeding in the regular and ordinary course, and was finally advised that it had been concluded favorably to appellant.

In the early part of the year 1923, appellant returned to Alachua County, Florida, and found that on April 20th, 1922, a final decree had been entered by the Circuit Judge dismissing her bill to quiet title. The final decree was entered on the motion of the Investment Company, the appellee here and one of the defendants in the suit to quiet title, and who was apparently the only party defendant that was served with process in the said cause.

In February, 1923, appellant employed other counsel and filed her bill to set aside the final decree dismissing her suit to quiet title, and an amended bill was filed for the same purpose in June following. Demurrer to the amended bill was overruled, pleas and answer were duly entered, testimony was taken and on final hearing, decree was en-

tered against the appellant, from which decree this appeal
was prosecuted.

The sole question here is whether or not the negligence
and deception on the part of appellant's counsel in connec-
tion with the litigation of her suit to quiet title should be
imputed to the appellant.

It is a well settled principle of law that an attorney act-
ing within the scope of his authority represents his client
and his acts of omission as well as commission are to be re-
garded as the acts of the person he represents and therefore
his neglect is equivalent to the neglect of the client himself.
2 R. C. L. 965; Beale v. Swasey, 106 Me. 35, 75 Atl. Rep.
134, 20 Ann. Cass. 396, Note 397; Payton v. McQuown, 97
Ky. 757, 31 S. W. Rep. 874, 31 L. R. A. 33, Note 36.

In Butler v. Morse, 66 N. H. 429, 23 Atl. Rep. 90, the
rule is stated as follows: ''When a party selects an attor-
ney of the court to conduct his cause in his stead and place,
he confers upon the attorney authority to take such action
in its prosecution or defense as he may decide to be legal,
proper, and necessary in the management of the cause, his
acts are, in the absence of fraud, the acts of his client; and
the rule that a party cannot in equity find relief from the
consequences of his own negligence is equally applicable
where the neglect is that of the attorney employed in the
management of the case.'' Gifford v. Thorn, 9 N. J. Eq.
702, text 722; Sampson v. Ohleyer, 22 Cal. 200; Chambers
v. Hodges, 23 Tex. 104; Lawson v. Bettison, 12 Ark. 401;
Shricker v. Field, 9 Iowa 366; Winchester v. Grosvenor, 48
Ill. 517.

There is no charge of fraud or default on the part of
the appellee who may be said to have an equal equity with
appellant. The fact that the appellant did not know of the
final decree dismissing her bill to quiet title until some
months after notice of it had been entered is immaterial.

Her attorney was charged with knowledge of this fact, together with all other entries or decrees filed in the course of this or any other litigation or transaction in which he was acting for her. If he failed to communicate the true situation or misrepresented the facts, or failed to act for her, he is responsible to her and she has her redress against her attorney.

The decree of the chancellor is therefore affirmed.

Affirmed.

WHITFIELD, P. J., AND BUFORD, J. concur.

BROWN, C. J. AND ELLIS AND STRUM, J. J. concur in the opinion.