THE CITY OF AUBURNDALE, a Municipal Corporation of Florida, *Plaintiff in Error,* vs. THE STATE OF FLORIDA, ex rel., FRED H. DAVIS, Attorney General, as Relator, and C. C. SLOAN, et al., as Co-Relators, *Defendants in Error.*
137 So. 286.
En Banc.
Opinion filed November 2, 1931.
Petition for rehearing denied January 25, 1932.

*Don Register,* for Plaintiff in Error;

*E. L. Bryan,* for Defendant in Error.

LONG, Circuit Judge: It appears from the record that the information in the nature of quo warranto was filed by the Relator and Co-relators July 24th, 1930, and upon the same day the writ issued; that on the 1st day of September, 1930, pursuant to an order extending the time to plead, a demurrer to the information was filed by respondent, The City of Auburndale, which demurrer was overruled by the lower Court November 6th, 1930, and respondent allowed to plead by December Rule; that this time was extended by the Court to January 1st, 1931, and again extended for the period of fifteen days from January 5th, 1931. No pleading having been filed within the time allowed, the Court, upon motion of the Relator and Co-relators, on the 22nd day of January, 1931, a Judgment of Ouster upon the pleadings in the cause; that thereafter motion and amended motion to vacate and set aside the Judgment of Ouster was presented to the Court, together with the Answer of Respondent, setting forth its defense, which motion and amended motion were denied.

It, therefore, appears that the only question necessary to be determined by this Court is raised by the third assignment of error, "The Court erred in entering an order overruling and denying the amended motion to vacate the Judgment of Ouster and to permit the Respondent to file its Answer."

The failure of counsel for respondent to file the answer within the time required by the order of the Court, together with continued applications for further time in which to plead, brings us to the question of the negligence of counsel and the excuse rendered, which, as the record discloses, was considered by the lower Court in ruling upon the motion to vacate the Judgment, and argued before this Court orally and in the briefs.

"An attorney, acting within the scope of his authority, represents his client, and his acts of omission as well as commission are to be regarded as the acts of the person he represents, and, therefore, his neglect is equivalent to the neglect of the client himself." Small, et al. vs. Colonial Inv. Co., 109 So. pp. 433; 92 Fla. 503.

This principle was again stated by this Court in adopting the rule laid down in Butler vs. Morse, 69 N. H. 429; 23 A, 90; 110 So. 271; 92 Fla. 781.

The excuse rendered for the negligence of respondent's counsel in not filing the answer is in no way satisfactory. When a litigant is represented by more than one counsel, the fact that one of the attorneys is more familiar with the cause, or is handling the case, does not excuse negligence. While there is no sufficient explanation offered for the negligence of counsel, it is also worthy of remark that the negligence in the management of the defense was not on the part of the City, for it seems from the affidavits made a part of the record, that it did all that could have reasonably been expected of it. It should be said that no negligence appears on the part of the attorney representing the city in moving to vacate the judgment and in conducting the appeal before this Court.

The rule set forth in the cases referred to above does not apply with equal force to the case at bar. In the above-cited cases the parties complainant and defendant were the real parties at interest. In this case the City of Auburndale is the proper and necessary party respondent,

but the real parties at interest are the taxpayers who can only be represented by the officers and attorneys of the City, and are in no way responsible for the unnecessary delay or negligence of counsel.

In cases where a public corporation is defendant, where the interest of all the inhabitants and taxpayers is at stake, and it is shown that the public corporation has done all that reasonably could have been expected of it to present its defense, the rule attributing the negligence of counsel to the client will not be harshly applied.

This Court has said that while the negligence of the attorney is the negligence of the party, ''The Court ought to be well satisfied before it closes its doors against a party on account of the negligence of the attorney.''

''It is the tendency of the Courts of the present age to stand less upon strict rules of practice than formerly, and to keep the door a long time open to a defendant who seems to be honestly striving to get in what he believes to be a good defense.'' Watson v. Seat and Crawford, 10 Fla. 326.

The information alleges that Chapter 10301, Acts of 1925, abolished the municipal government of the town of Auburndale and established a municipal government designated as the City of Auburndale, and extended the boundaries of the municipality so as to include all the territory now embraced in the corporate limits of the City, and that the Co-relators are the owners of certain of these lands; that the City of Auburndale is exercising its functions upon and over said lands contrary to the constitutional rights of the Co-relators; that the Act of the Legislature creating the City of Auburndale is in violation of the constitution.

The amended order of ouster entered upon the pleading expressly declares the Legislative Act to be in conflict with certain sections of Article nine of the Constitution.

It is contended by counsel for the Co-relators that a de-

murrer admits such allegations of fact in the information as are well pleaded. We are not unmindful of this rule. But the rule does not apply to the case at bar for the very obvious reason that no pleading and no act of the parties can admit the validity or the invalidity of a statute. A demurrer can only admit allegations of fact, not conclusions of law.

"A demurrer does not admit that the construction of a statute set forth in the pleading demurred to is the correct one, nor that the statute imposes the obligations or confers the rights which the pleading alleges." Pennie v. Reis, 132 U. S., pp. 426.

We have examined the answer tendered by the respondents, the allegations of which set forth a meritorious defense.

For the reasons stated our conclusions are that the order denying the motion and amended motion to vacate and set aside the judgment of ouster should be reversed; that the judgment of ouster be vacated and set aside; that the amended answer of respondents be filed, and that the cause be remanded for further proceedings.

It is so ordered.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

DAVIS, J., disqualified.