In re **TOWN OF SITKA, ALASKA.**

No. 5371–A.

District Court of Alaska. First Division. Ketchikan.

Sept. 30, 1946.

M. G. Monagle, of Juneau, Alaska, for petitioner.

Howard D. Stabler, of Juneau, Alaska, for protestants.

KEHOE, District Judge.

A petition for the annexation of certain territory contiguous to the incorporated Town of Sitka, Alaska, sworn to by its mayor and one property owner, and accompanied by a petition by the majority of the owners of substantial property interests within the limits of the territory proposed to be annexed and otherwise complying with the provisions

of Section 2419, Compiled Laws of Alaska 1933, having been filed in this Court, an order of hearing on said petition was entered.

That hearing having been held, the Court entered its order that an election be held for the purpose of determining whether the voters of the Town of Sitka and the territory sought to be annexed were for or against such annexation, and further ordered that the common Council of Sitka submit the question of annexation to the voters of the town and the area proposed to be annexed in accordance with the provisions of Section 2420, Compiled Laws of Alaska 1933.

The election so ordered having been held, the Town of Sitka petitioned the Court for a new election on the grounds that the election notices published and posted pursuant to the court order had set forth erroneous qualifications of persons entitled to vote and that persons not legally entitled to vote at that election had done so. On this petition, the Court issued its order for a new election.

In the second election held on November 27, 1945, the voters of the Town of Sitka voted for the annexation by a majority of all the votes cast therein. The voters of the area proposed to be annexed voted in favor of annexation by a vote of 35 to 17.

On December 3, 1945, the Common Council of Sitka, canvassed the votes of that election and made a certificate showing the number of votes cast in favor of annexation and against it.

On September 6, 1946, more than nine months after the Council's action, the Town of Sitka petitioned the Court to set a day to examine the certificate of election. On the same day the Court set September 16th as the date for the hearing and ordered that at least five days' notice thereof be given by posting within the Town of Sitka and the area sought to. be annexed.

On September 16th, certain protestants claiming to be property owners within the area sought to be annexed filed a motion for an order denying annexation on the grounds:

First: That a certificate of the Common Council of Sitka, together with the oaths of judges and clerks of election and the ballots cast, were not filed immediately after the canvass of the votes as required by Sec. 2420, Compiled Laws of Alaska 1933.

Second: That certain persons were denied the right to vote at the election.

Third: That the court illegally ordered a second election.

Fourth: That a published notice relating to the second election set forth improper qualifications of voters, and

Fifth: That numerous tracts were attempted to be annexed without a separate election for each tract.

The statutes on annexation of territory to an incorporated town, so far as they relate to this cause, are as follows:

"Section 2418. Any territory not heretofore incorporated as a city, but lying contiguous to any such corporation, may be annexed thereto in the manner hereinafter provided, and when so annexed, shall become a part of such city and be subject to all its laws and ordinances; provided that whenever such unincorporated territory is separated from any city by water or by tide or shore lands, the unincorporated territory shall be deemed contiguous for all the purposes of this chapter and any territory within the limits of any municipal corporation may be excluded therefrom in the manner hereinafter provided."

"Section 2419. Whenever the Council of any city shall desire to enlarge the limits of a city by annexing the territory contiguous thereto, they shall file in the District Court wherein the city is located, a petition signed by the majority of the owners of such substantial property interest in land, or possessory rights in land, tidelands or improvements upon the land or tidelands within the limits of the territory so proposed to be annexed, setting forth by metes and bounds

the territory sought to be annexed to such city, and there shall be attached thereto a plat based upon an actual survey by a competent surveyor setting forth the limits and the boundaries of the territory to be annexed, by metes and bounds, and stating the number of inhabitants therein, as well as the number of owners of property therein situate, and such other facts as the court may require. Said petition shall be sworn to on behalf of the city and by at least one of the property owners herein provided for. Said petition may be presented in open court or to the judge of said court in chambers, and said judge shall fix the time and place of hearing on the petition and shall cause notice of said hearing to be posted in at least three of the most public places in such city and in three places within the territory sought to be annexed, and if a newspaper be published in said city, then to publish notice at least three times in such paper. Such notices shall be posted at least four weeks before the hearing and the first publication of such notice in the newspaper shall be at least four weeks before the hearing. The court shall make diligent inquiry as to the reasonableness and justice of the petition and if the court be satisfied from proofs and evidence that no private rights will be injured by granting the petition and if it is just and reasonable that the annexation take place, the court shall, unless it be shown that the petition is not bonafide or that one or more of the signers thereto are not owners of substantial property rights as herein provided or fails to comply with the requirements of this chapter in any other respect, order an election."

"Section 2420. The Council of such city shall thereupon submit the question to the electors of such city and to the electors residing in the territory proposed by said petition to be annexed to such city. Such questions shall be submitted at a special election to be held for that purpose, and such Council shall give notice thereof, by publication in a newspaper of general circulation in such city and in such territory so proposed to be annexed, or nearest thereto, for a

period of four weeks prior to such election; also by posting notice thereof in three public places within such city and three public places in such territory for a like period. Such notices shall be posted, and the first publication of such notice in the newspaper shall be at least four weeks before the election. Such notice shall distinctly state the proposition to be so submitted and shall designate specifically the boundaries of the territory so proposed to be annexed, and the electors shall be invited thereby to vote upon such proposition by placing upon their ballots the words 'for annexation to the City of ———' or 'against annexation to the City of ———', or words equivalent thereto.

"Such Council shall also designate the time, place or places at which the polls will be open within such city and in such territory so proposed to be annexed, which place or places shall be those usually used for that purpose within such City and also within such territory if any such there be. Such Council shall also appoint and designate in such notice the names of the judges and clerks of election. The judges and clerks, before entering upon the discharge of their duties at such election shall each take and subscribe, before an officer authorized to administer the same, an oath for the honest and faithful discharge of his or her duties as such judge or clerk. In case of the absence or inability of any judge or clerk appointed to act at such election, the qualified electors present at the polls, before proceeding to vote, may choose an elector to act in his or her place from among their number, who shall duly qualify as aforesaid, before entering upon the discharge of his or her duties as judge or clerk at such election. Such Council shall meet on the Monday next succeeding the day of such election at 1 o'clock P. M. and canvass the votes cast thereat, and the Council shall issue under their hands, and the seal of the City, a certificate showing the number of votes cast in favor of annexation and the number of votes cast against the annexation, separately stating the number of votes for or against in the city and in the territory sought to be annexed. Said certificate, together

with all the ballots cast and the oaths of all the judges and clerks of election, shall immediately be filed with the Clerk of the District Court in the proceeding authorizing said election."

"Section 2421. If it shall appear to the District Court or the Judge thereof from the certificate of election filed with the District Court as aforesaid that two-thirds of the votes cast at said election in the territory sought to be annexed were in favor of the annexation and that a majority of the votes cast in the city were also in favor of the annexation and that the provisions of law relating to annexation have been substantially complied with, the District Judge shall by order in writing entered in the records of the court duly adjudge and declare such annexation and the said territory shall, from thenceforth, be a part of the city. Such order shall describe the boundaries of the territory annexed and give the name of the city to which it is annexed."

"Section 2425. The qualifications of an elector for election on the question of annexation or exclusion of territory, as hereinbefore provided, shall be as follows: He or she shall be a person of the age of twenty-one years or more and shall be the owner of substantial property interests in land, buildings or improvements on land or tidelands within such city or within the territory proposed to be annexed to or excluded from such city."

· At the hearing on protestants' motion for an order denying annexation, evidence was introduced that certain qualified voters in the territory sought to be annexed had been advised by the City Clerk of the Town of Sitka that they were not qualified to vote at the election because they were not citizens of the United States. These protestants testified that, as a result of this advice, they had not voted at the election. They further testified that they would have voted against annexation.

It further appeared by the testimony that on November 26, 1946, the day before the election, the Mayor or City Council of Sitka had authorized and caused to be published

in the Sitka newspaper which carried the official notice of the election an advertisement setting forth the qualifications of voters as follows:

"To be a qualified voter for this election, one must be a citizen of the United States of America and a resident of the Territory of Alaska for the past year; also to be a qualified elector in the Town of Sitka, one must have been a resident of said Town of Sitka for thirty days prior to election and an owner of real property in the said Town of Sitka; or to be a qualified elector in the said territory proposed to be annexed to the Town of Sitka, one must have been a resident in the said territory proposed to be annexed for thirty days prior to the election and an owner of real property in the said territory proposed to be annexed."

It did not appear affirmatively that any qualified voters were deterred from voting because of this advertisement.

However, the official published and posted notices of election contained a statement of proper qualifications of voters. These notices were printed and posted more than 30 days prior to the day of election, as required by the statute.

Protestants do not charge actual fraud on the part of the City Clerk, the Common Council or the election clerks and judges, but assert that they, or some of them, sufficient in number at least to have affected the result of the election, were persuaded that they were not qualified to vote and hence abstained from approaching the polls. The evidence is clear from both sides that no one was denied the right to vote who appeared at the polls and offered to do so.

While it is regrettable that the officers of the town, through ignorance, misled others in matters of law, in the absence of actual fraud, those misled may not complain. They are presumed to know the law equally with those who misstate it.

We advert now to the protestants' complaint that the certificate of the Common Council of Sitka showing the number of votes cast for and against the annexation, together

with the ballots and the oaths of the clerks and judges of election were not filed immediately with the Clerk of the District Court, in compliance with Section 2420, Compiled Laws of Alaska 1933.

The evidence is clear that (1) the Common Council canvassed the votes on the first Monday following the election; (2) that the City Clerk on the day after that action forwarded to the City Attorney by registered mail the certificate, the ballots and the oaths of the clerks and judges of election.

It appears, however, by the record that none of these items were actually filed with the Clerk of the District Court until the 6th day of September, 1946, more than nine months after the election and canvass of the votes.

It is implied by protestants that the City Attorney's neglect in filing the certificate, ballots and oaths may be imputed to the City and that the failure to file them immediately vitiates the election.

 It appears to the Court under all the circumstances of the case that the Common Council substantially complied with the law in the holding of the election, the canvassing of the votes and the filing of the certificate, ballots and oaths. While the general rule that omissions of the Attorney are to be regarded as acts of the client and that his neglect is equivalent to the neglect of the client, the rule is subject to the peculiar circumstances of each case. In this case, the Common Council did all it could have been reasonably expected to do, and hence, it would seem just that the attorney's neglect to file the items should not be chargeable to the City. 7 C.J.S., Attorney and Client, § 68, p. 852; City of Auburndale v. State, 103 Fla. 393, 137 So. 286.

In fact, had there been no delay in the filing and the necessary showing was made to the Court "immediately" after the canvass of the votes, the protestants would not have had their day in Court, since in such cases, the statute does not require any notice to them prior to the issuance of an order of annexation. Sec. 2421, C.L.A.1933.

Protestants further claim that seven separate tracts of land were sought to be annexed and were grouped into one tract described by metes and bounds.

The statute quoted above requires only that the territory sought to be annexed shall be described by metes and bounds. This was done in the original petition. That the tract was later described in the notices of election as the Nyquist or Pinehurst Addition, the Pioneer Morse and City Cemetery, the South portion of the Brady Tract as shown on map of Survey 226, all of the land west of Swan Lake adjacent to the Town of Sitka, all of the land west of a line approximately northwest from the north end of Swan Lake to the Tonges National Forest Boundary, and other territory northwesterly of the said Town of Sitka, Alaska, in addition to being described by metes and bounds, cannot be said to be a violation of the requirements of the statute, since such description by tracts is merely surplusage. It is probable, considering the difficulty experienced by persons not skilled in technical descriptions of land by metes and bounds, that this very surplusage gave persons in the area a more easily understandable description of the land sought to be included in the annexation than if it had not been so described. Be this as it may, in cases of annexation, it seems clear that one or more parcels of land may be legally subject to annexation in one general election. People v. City of Whittier, 133 Cal.App. 316, 24 P.2d 219; McQuillin on Municipal Corporations, 2nd Ed., Vol. 1, Sec. 294.

To require the City to hold a separate election for each tract or addition when those tracts or additions are contiguous to one another, and one of them is contiguous to the existing city boundary, would be unreasonable.

The court acted properly in ordering a new election where it appeared that the first election was improperly noticed and persons were allowed to vote thereat who were not qualified.

The motion for an order denying annexation will be overruled and the annexation ordered as prayed for.