BARKDULL, Judge.
The appellants appeal from a final judgment which reflects that a directed verdict was entered adverse to the plaintiff, and directed verdicts were rendered in favor of the cross-plaintiff and counter-claimant. The final judgment reads, in part, as follows :
“On the 20th day of February, A.D., 1961, the Circuit Court of the 11th Judicial Circuit, in and for Dade Coun *732 ty, sitting at the regular fall term thereof, the Court being regularly and legally organized and open and in open session for the trial of cases upon its trial calendar, called the above-styled case for trial, in regular order, and upon the call, AIRTRONICS INTERNATIONAL CORPORATION, the Defendant, the cross-claimant, counter-Plaintiff, and the counter-Defendant, announced present and ready for trial, but HOLT INDUSTRIES, INC., the Plaintiff and counter-Defendant, being solemnly called, answered not and failed to appear in person or by counsel, the cross-Defendant, MURRAY TALL, being solemnly called, answered not and failed to appear in person or by counsel, the cross-Defendant and counter-Plaintiff, TALL PRODUCTS, INC., being solemnly called, answered not and failed to appear in person or by counsel, the cross-Defendant, AVIATION INSTRUMENT AND GEAR CORPORATION, being solemnly called, answered not and failed to appear in person or by counsel.
“It appearing unto the Court, from the record in this cause, that the counter-Defendant, HOLT INDUSTRIES, INC., had been legally and lawfully served with the counter and cross-claims of Airtronics International Corporation and had filed an answer thereto, that the cross-Defendant, MURRY TALL, had been duly and regularly served with process and with a copy of the counter and crossclaims of AIRTRONICS INTERNATIONAL CORPORATION and had filed an answer thereto, that the cross-Defendant, TALL PRODUCTS, INC., had been duly and regularly served with process and with a copy of the counter and crossclaims of Airtronics International Corporation and had filed an answer thereto, that the cross-Defendant, AVIATION INSTRUMENT AND GEAR CORPORATION, had been duly served with process and with a copy of the counter and crossclaims of Airtronics International Corporation and had filed an answer thereto, and the counter-plaintiff, TALL PRODUCTS, INC., had filed a counterclaim against AIRTRONICS INTERNATIONAL CORPORATION, which latter corporation had duly and regularly filed an answer to said counterclaim.
“And it further appearing to the Court that this cause was at issue and, after due notice to all parties, was regularly and duly on the trial calendar of this Court, for trial on that day; therefore, the Court called a jury of six persons who were qualified, examined, empaneled, and sworn to try the issues made up in this cause, and said jury having heard the evidence in said cause, submitted on the part and on behalf of Airtronics International Corporation, as Defendant, as cross-Plaintiff, as counterclaimant, and as counter-Defendant, and having heard the Court direct them to return a verdict against the Plaintiff, Holt Industries, Inc., in favor of the Defendant, Airtronics International Corporation, after retiring to consider their verdict, returned into open Court with their verdict as follows:
“ ‘We, the Jury, find for the Defendant, Airtronics International Corporation.
“ ‘So say we, all.
“ ‘Elton E. Ball
“ ‘Dated 20 Feb. 1961 Foreman’
and having heard the Court instruct the Jury to find against the counter-Plaintiff, Tall Products, Inc., upon its counterclaim, and in favor of the counter-Defendant, Airtronics International Corporation, after retiring to consider the same, returned into open court with their verdict as follows:
*733 “ ‘We, the jury, find for the Defendant, Airtronics International Corporation.
“ ‘So say we, all.
“ 'Elton E. Ball
“ ‘Dated 20 Feb. 1961 Foreman’
and having heard the Court direct a verdict upon the question of liability against the counter-defendant, Holt Industries, Inc., and the cross-Defendants, Murray Tall, Tall Products, Inc., and Aviation Instrument and Gear Corporation, upon the counter and cross-claim of Airtronics International Corporation with instructions that the jury find, determine, and assess the damages of the counter and cross-Plaintiff, Airtronics International Corporation, and having heard the argument of counsel for the counter and cross-Plaintiff and the charges of the Court upon damages, after retiring to consider of their verdict, returned into open Court with their verdict as follows:
“ ‘We, the jury, find for the counter-cross Plaintiff, Airtronics International Corporation, and assess its damages in the sum of Seventy-five Thousand ($75,000.00) dollars.
“ ‘So say we, all.
“ ‘Elton E. Ball
“ ‘Dated 20, Feb. 1961 Foreman.’ ”
The appellants also seek review of an order denying their motion for new trial, which alleged that they “were prevented from making their defense by accident or mistake and without fault on their part...*"
The appellants failed to appear at the time the cause came on regularly for trial. They do not charge that their failure to appear was as a result of any action or inaction on the part of the appellee or the trial judge, but candidly admit that their failure to appear was because of mistake or fault on their part in relying on counsel which they had purportedly engaged to represent them.
In orderly procedure, the case came on for trial during the week of February 20, 1961, after having been duly noticed for trial by counsel for the appellee. It appears from the record that the individual appellant and the corporate appellants [through their principal officer] received' notice, in January of 1961, that the cause was set for trial during the week of February 20, 1961. Pursuant to such notice, the appellants contacted an attorney in January, 1961, for the purpose of representation at the trial and, subsequently, because of some misunderstanding with this purported counsel [or other reason] the appellants and their counsel failed to appear in the trial court on the morning of February 20, 1961 when, in orderly proceedings, the case was duly called for trial and tried, resulting in the judgment above referred to. The appellants, by their post-final judgment motions and by this appeal, first attempted to have the trial judge and now this court relieve them from their own mistake or negligence. In order for this court to find' error in the trial judge’s ruling denying their motion for new trial, it must necessarily appear that he abused his discretion. Atlantic Peninsular Holding Co. v. Oenbrink, 133 Fla. 325, 182 So. 812; Leavstrom v. Muston, Fla.App.1960, 119 So.2d 315.
Finding no error in the actions of the trial judge in proceeding to trial of the cause upon its regular call and no abuse of discretion in the denial of the motion-for new trial, said judgment and order are hereby affirmed.
It being conceded in this record that the appellants were aware of the trial' date, and even if they had properly engaged counsel [which we do not here decide],, they would be charged with mistake or neglect on counsel’s part. Griffith v. Investment Co., 92 Fla. 781, 110 So. 271; White v. Spears, Fla.App.1960, 123 So.2d 689.
Affirmed.