QUESTIONS:
1. Is a public officer or employee required, under s. 112.313(2), F.S., to file a sworn statement disclosing an interest as resident agent of a corporation for the purpose of service of process only?
2. What is the meaning of the term "regulation" as used in s.112.313(2), supra?
SUMMARY:
Under s. 112.313(2), F.S., a public officer or employee who has been designated as the resident agent of a corporation for the purpose of service of process must file a sworn statement disclosing such interest if the corporation's operations are subject to regulation by the state or a local governmental agency or if it has substantial business commitments from such an agency or agencies.
AS TO QUESTION 1:
Section 112.313(2), supra, requires a public officer or employee to file a sworn statement disclosing an interest as officer, director, agent, or member of, or owner of a controlling interest in, a business entity which is subject to the regulation of, or has substantial business commitments from, a state or local governmental agency. As noted in AGO 072-172, the purpose of this requirement is to bring out into the open an officer's or employee's private interest that is presently or potentially a source of conflict with his public duties. While, as noted by you, a person who is designated as the resident agent of a corporation for the purpose of service of process upon the corporation holds a "restrictive and passive agency," it is nonetheless a relationship with the corporation that cannot be said to be remote and insubstantial. This is especially true when the resident agent is an attorney and, presumably, was appointed as the resident agent for a corporation which is a client of his law firm. See 7 C.J.S.Attorney and Client s. 67, stating the general rule that an attorney's relationship to his client is that of principal and agent; Griffith v. Investment Co., 110 So. 271 (Fla. 1926); Beasley v. Girten, 61 So.2d 179 (Fla. 1952); and AGO SC67-12, relying on Griffith in ruling that the attorney-client relationship is an "agency" relationship within the purview of s.112.313(2). Accord: Attorney General Opinion 074-1.
Assuming arguendo, however, that the corporation for which you have been designated as the resident agent for the purpose of service of process is not a client, I have the view that the disclosure requirement of s. 112.313(2), supra, is still applicable. As noted in AGO 073-328, there is nothing in the law to indicate that the legislature intended to use the word "agent" in any except its usual significance. It is not further defined or limited, either as a general or special, or an active or passive, agency. While a person designated by a corporation to serve as its resident agent for the service of process is an agent for a very limited and special purpose, he is nevertheless the corporation's agent and his acceptance of service is binding upon the corporation within the scope of his limited authority. Such an agency is clearly within the letter of the law; and, in my opinion, it is not so remote and insubstantial as to be outside the spirit and intent of the disclosure requirements of the law.
Accordingly, pending legislative or judicial clarification, your first question is answered in the affirmative.
AS TO QUESTION 2:
I have heretofore ruled in AGO 072-172 that "regulation" within the purview of s. 112.313(2), supra, means something more than the mere issuance of an occupational license. As noted therein, the key ingredient in "regulation" within the meaning of this provision is control over business operations and does not include "mere collecting of taxes or the issuing of a license to a business by government agencies," citing AGO SC68-2. "Business entities" which have been held to be subject to regulation within the meaning of s. 112.313(2), supra, are law firms, AGO 072-172,supra; real estate corporations, letter dated March 24, 1972; and engineering firms, AGO's SC67-14 and 073-396.