QUESTION:
Must an attorney-legislator file a sworn statement, under s.112.313(2), F.S., disclosing that he has as clients business entities which he represents in patent, trademark, and antitrust matters?
SUMMARY:
An attorney-legislator must file a sworn statement pursuant to s.112.313(2), F.S., if the clients which he represents are doing substantial business with, or are regulated by, a state or local agency.
Section 112.313(2), supra, requires a public officer or employee to file a sworn statement disclosing an interest as officer, director, agent, or member of, or owner of a controlling interest in, a business entity which is subject to regulation by or has substantial business commitments from a state or local governmental agency. As noted in AGO 072-172, the purpose of this requirement is to bring out into the open an officer's or employee's private interest that is presently or potentially a source of conflict with his public duties.
The solution to the question you present requires two determinations: Is the attorney-client relationship an "agency" relationship within the purview of s. 112.313(2), supra, and are the clients you represent subject to regulation by, or do they have substantial business commitments from, a state or local governmental agency? As regards the first determination, it has been long settled in this state that an attorney's relationship to his client is one of principal and agent. Griffith v. Investment Co., 110 So. 271 (Fla. 1926); Beasley v. Girten, 61 So.2d 179
(Fla. 1952); AGO's S.C. 67-12 and S.C. 69-12. Further, this agency relationship has been held to be within legislative contemplation as expressed in s. 112.313(2), thus requiring a public official who is a practicing attorney to file a sworn statement disclosing representation by him of clients who are "business entities" regulated by, or having substantial business commitments with, a public agency. Attorney General Opinions 074-1, 074-2, and 074-3.
As to the second determination, the fact situation you describe does not reveal whether the clients you represent are doing substantial business with a public agency. Therefore, I assume they are not. As to whether these corporations are subject to the regulation of a state or local governmental agency, it has been ruled in AGO 072-172 that "regulation" within the purview of s.112.313(2), supra, means something more than mere issuance of an occupational license (presumably including a corporate charter). In an earlier opinion of this office, regulation was defined as prescribing the manner in which a thing is to be done. Business entities "subject to the regulation of" a state or local governmental agency, for purposes of s. 112.313(2), were described therein as those businesses whose operations or modes of doing business are subject to the control or authority of such an agency. Attorney General Opinion S.C. 68-2. Accord: Attorney General Opinion 074-3. Business entities which have been held to be subject to regulation within the meaning of s. 112.313(2), include law firms, AGO 072-172; motels, AGO 073-114; real estate corporations, letter dated March 24, 1972; and engineering firms, AGO's S.C. 67-14 and 073-396.
Since you indicate only that the business entities in the instant situation are sometimes involved in patent, trademark, and antitrust matters, it is impossible for me to determine whether or not they are regulated by a state or local agency. Moreover, the mere fact that you represent them in such matters does not in itself require you to file a sworn statement. However, if your clients do come within the definition of regulation as set out above, and the regulating agency is state or local, then your must file a sworn statement in compliance with s. 112.313(2). (It might be noted that s. 112.313(2) does not cover business entities regulated by an agency of the federal government.)