303 So.2d 359 (1974)
John Henry McARTHUR, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1538.
District Court of Appeal of Florida, Third District.
October 29, 1974.
Rehearing Denied December 11, 1974.
*360 Phillip A. Hubbart, Public Defender, and Kathleen Gallagher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant, defendant in the trial court, seeks review of his conviction and sentence to sixty days in the Dade County Stockade for assault.
Appellant's sole point on appeal is that the trial court erred in failing to discharge him because of a violation of Rule 3.191 CrPr, 33 F.S.A., in that more than one hundred eighty (180) days had elapsed between February 20, 1973, when he was taken into custody, and November 14, 1973, when he was brought to trial. Appellant bases this contention on the fact that his trial was continued at the request of his first attorney, on the ground that said attorney would be on vacation on the trial date. Appellant urges that he neither knew about nor consented to this continuance.
Shortly thereafter, defendant's second attorney, who also withdrew, filed a motion to dismiss for violation of Rule 3.191, CrPr, 33 F.S.A., stating as grounds, that defendant was ready and willing to proceed and that he was without knowledge of and did not approve, the continuance. This motion was denied and defendant's third attorney filed a motion to discharge under the same rule, alleging the same grounds, which motion was also denied.
Denial of defendant's motions to dismiss and to discharge for want of speedy trial was proper. A timely trial, as originally scheduled was continued on motion of the defendant's (first) attorney, following which trial was had within a reasonable time. The principle is well established that the right to a speedy trial is waived when the defendant or his attorney requests a continuance. See State ex rel. Butler v. Cullen, Fla. 1971, 253 So.2d 861; Atkins v. State, Fla.App. 1972, 265 So.2d 72; Llano v. State, Fla.App. 1972, 271 So.2d 34; Collie v. State, Fla.App. 1972, 267 So.2d 382.
We cannot accept the appellant's argument that because the continuance was obtained without his knowledge, consent or approval, it would not operate as an effective waiver. The acts of an attorney "... will be binding on the client even though done without consulting him and even against his wishes." State v. Earnest, Fla.App. 1972, 265 So.2d 397, 400. See also Griffith v. Investment Co., Fla. 1926, 92 Fla. 781, 110 So. 271.
For the reasons hereinabove set forth, it is our view that the trial court was correct in not discharging the appellant for failure to bring him to trial within the 180 days.
Affirmed.