328 So.2d 497 (1976)
Bernard James BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-119.
District Court of Appeal of Florida, Third District.
March 2, 1976.
Rehearing Denied April 1, 1976.
*498 Miller & Russell, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Defendant, Bernard Brown, seeks reversal of an order denying his motion to discharge based upon denial of his right to a speedy trial pursuant to RCrP 3.191.
On May 30, 1974 Bernard Brown was arrested for first degree murder. At a hearing held on October 7, Brown's court appointed counsel orally requested and was granted a continuance. On November 19 Brown filed a motion to dismiss his counsel on the grounds of inadequate representation and conflict. This motion was granted on November 25 and on December 2 new counsel was appointed. Defense counsel on December 13 moved for discharge on the grounds that as of November 26, 180 days had elapsed since defendant's arrest on May 30 and defendant had not yet been brought to trial. This motion was denied. We affirm.
First, the law is well established that the right to a speedy trial is waived when a defendant's attorney with or without the knowledge and consent of the defendant requests a continuance. McArthur v. State, Fla.App. 1974, 303 So.2d 359. Contrary to the contention of the defendant, the record in the instant case establishes that his court appointed counsel with the consent of the defendant orally requested and obtained a continuance at the hearing on October 7. Thus, we find defendant waived his right to a speedy trial within 180 days from the date of his initial incarceration on the murder charge. Cf. Eastwood v. Hall, Fla.App. 1972, 258 So.2d 269.
Second, defendant having made no demand for speedy trial, his right to discharge initially must be determined under subsections (a)(1) and (e) of RCrP 3.191, which provides that defendant must be "continuously available for trial" and contemplates that defendant is ready to proceed with his formal defense. See Rubiera v. Dade County ex rel. Benitez, Fla. 1974, 305 So.2d 161. Upon the 180 day period passing on November 26, 1974, defendant was without counsel to represent him. New counsel not having been appointed until December 2, it is apparent that when defendant 11 days later (on December 13) filed the instant motion for discharge, there was inadequate opportunity for newly appointed counsel to prepare the case for trial and defendant was not ready to proceed with his formal defense. Cf. State v. Kelley, Fla.App. 1975, 322 So.2d 581.
Affirmed.