GLICKSTEIN, Judge.
This is a timely appeal from a final judgment and subsequent order denying motion to vacate final judgment. We affirm.
Appellant was one of several defendants in this action brought by a radio station to recover for radio advertising services it had performed. The amended complaint alleged that appellant and others, individually and as agents for a disclosed principal, agreed to pay for the services. Prior to trial appellant’s counsel was allowed to withdraw. The record reflects that the order permitting withdrawal required that all further pleadings and notices be directed to appellant at a specific address.
Several months later plaintiff moved to set the non-jury trial. The order setting the cause for trial shows that a copy of the motion and order were furnished to appellant. Appellant does not represent that he did not receive the notice of trial, but according to his brief he did not appear at trial. Judgment was entered against him, another individual, and the disclosed principal.
Shortly after entry of the judgment newly obtained counsel unsuccessfully sought the trial court’s consideration of appellant’s position. On appeal appellant argues that the “record" clearly shows he did not contract individually with the radio station, *1053 and points to the answer to interrogatories and his deposition in support thereof.
To deny appellant relief is a harsh result, but a natural consequence of his failure to appear at trial. Holt Industries, Inc. v. Airtronies International Corp., 139 So.2d 731 (Fla. 3d DCA 1962); see Vines v. Vines, 357 So.2d 243, 246 (Fla. 2d DCA 1978). In the absence of any evidence that the nonappearance was caused by non-receipt of notice, we feel compelled to affirm.
AFFIRMED.
MOORE and BERANEK, JJ., concur.