NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSE GUERRERO LOZANO, JR.,            )
                                      )
            Appellant,                )
                                      )
v.                                    )            Case No. 2D15-4715
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____)

Opinion filed October 14, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Collier County; Frederick R. Hardt, Judge.

Jose Guerrero Lozano, Jr., pro se.

PER CURIAM.

        Jose Guerrero Lozano appeals the order summarily denying his motion

alleging ineffective assistance of counsel under Florida Rule of Criminal Procedure

3.850.  We affirm, in part, reverse, in part, and remand for further proceedings.

        In his motion, Lozano argued that his trial counsel was ineffective for

failing to assert both his procedural and his constitutional speedy trial rights.  The

postconviction court correctly denied Lozano's claim with regard to his speedy trial

rights under Florida Rule of Criminal Procedure 3.191; the record contains numerous

requests for continuances by counsel.  See State v. Burgess, 153 So. 3d 286, 288 (Fla. 2d DCA 2014) ("Generally, a defense request for a continuance waives the right to speedy trial." (citing Banks v. State, 691 So. 2d 490, 491 (Fla. 4the DCA 1997))); see also State v. Abrams, 350 So. 2d 1104, 1105 (Fla. 4th DCA 1977) ("The acts of an attorney on behalf of a client will be binding on the client even though done without consulting him and even against the client's wishes.") (first citing McArthur v. State, 303 So. 2d 359 (Fla. 3d DCA 1974); then citing Brown v. State, 328 So. 2d 497 (Fla. 3d DCA 1976))).

The postconviction court, however, failed to address Lozano's claim of ineffective assistance of counsel for failure to assert his constitutional right to speedy trial.  See State v. Naveira, 873 So. 2d 300, 308 (Fla. 2004) ("Once the speedy trial rule has been waived, it is supplanted by the constitutional speedy trial period which is measured in tests of reasonableness and prejudice, not specific numbers of days." (quoting Blackstock v. Newman, 461 So. 2d 1021, 1022 (Fla. 3d DCA 1985))); Gamble v. State, 996 So. 2d 946, 947 (Fla. 2d DCA 2008) (citing Naveira, 873 So. 2d at 308).

Accordingly, we reverse the postconviction court's order insofar as it failed to address Lozano's claim concerning his constitutional speedy trial right and remand for the court to address that claim.  If the postconviction court determines that the claim is facially insufficient, the court should strike it with leave to amend within sixty days. See Fla. R. Crim. P. 3.850(f)(2).

Affirmed, in part, reversed, in part, and remanded.


LaROSE, MORRIS, and SLEET, JJ., Concur.