IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANDRE I. DUNBAR,

      Appellant,

 v.                                Case No. 5D16-4018

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 12, 2017

3.850 Appeal from the Circuit Court
for Orange County,
Christi L. Underwood, Judge.

Andre I. Dunbar, Milton, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bonnie Jean Parrish,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Andre Dunbar appeals the summary denial of his timely filed motion for postconviction relief. See Fla. R. Crim. P. 3.850. Because the trial court denied Dunbar's motion after erroneously concluding that it had been stricken and that Dunbar had failed to amend it, we reverse and remand for the trial court to properly consider the motion on its merits.

Dunbar was convicted of robbery with a firearm, two counts of aggravated assault with a firearm, and grand theft. On June 22, 2014, he filed a timely postconviction motion alleging eight grounds for relief. Dunbar filed a motion for leave to amend on February 19, 2015. On March 12, 2015, the trial court struck the motion because it could not ascertain what Dunbar was stating or the relief he was seeking. The trial court then directed Dunbar to file a "hand-written in legible printed lettering" amended motion for leave to amend. Dunbar failed to file an amended motion. On October 4, 2016, the trial court denied the original rule 3.850 motion with prejudice, concluding:

> On June 25, 2014, Defendant filed a Motion for Postconviction Relief pursuant to Florida Rule of Criminal Procedure 3.850. On February 24, 2015, Defendant filed a Motion for leave to Amend. The Court granted Defendant's Motion on March 12, 2015, striking his postconviction motion and allowing him time to amend. The Court directed him to file a legible, hand-written motion as required by the rules.
>
> To date, Defendant has failed to amend his Motion for Postconviction Relief. Accordingly, denial of the Motion for Postconviction relief with prejudice is appropriate. See Spera v. State, 971 So. 2d 754, 761 (Fla. 2007). Further, any attempt to file a new postconviction motion will be untimely and thereby barred. Fla. R. Crim. P. 3.850(b).[1]

(Emphasis omitted).

Thereafter, Dunbar sought rehearing. He claimed he did not realize that his motion to amend would result in the striking of his postconviction motion, and he believed that

---

[1] Pursuant to the rules, an amendment may be filed at any time prior to the entry of an order disposing of the motion or an order directing the State to file an answer. Fla. R. Crim. P. 3.850(e). Had the trial court considered the grounds raised in Dunbar's postconviction motion and found amendment necessary, Dunbar would still have had sixty days to file an amendment. Fla. R. Crim. P. 3.850(e), (f)(2); Lozano v. State, 202 So. 3d 148, 148 (Fla. 2d DCA 2016). The court's reliance on the original filing deadline only applies to new grounds for relief raised in an amended motion. Fla. R. Crim. P. 3.850(e).

the court would rule on the original motion even in the absence of an amendment. The motion for rehearing was denied.

Despite the trial court's contrary conclusion, no order is contained within the record striking Dunbar's original rule 3.850 motion. Likewise, nothing in the record supports the conclusion that Dunbar's motion to amend was granted. By its own terms, the March 12, 2015 order actually strikes Dunbar's barely legible motion for leave to amend and directs him to file an amended motion to amend.

We therefore conclude the trial court erred when it failed to consider Dunbar's postconviction motion on the merits. See Lozano v. State, 202 So. 3d 148, 148 (Fla. 2d DCA 2016); Koszegi v. State, 993 So. 2d 133, 134 (Fla. 2d DCA 2008) ("The postconviction court must give the defendant at least one opportunity to correct facially deficient postconviction claims." (citing Spera, 971 So. 2d at 761. Accordingly, we reverse the order under review and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED

SAWAYA, PALMER and BERGER, JJ., concur.