352 So.2d 152 (1977)
Catherine WRAY, Appellant,
v.
Paul WILLIAMS and Barbara Williams, Appellees.
No. 76-1992.
District Court of Appeal of Florida, Second District.
November 23, 1977.
*153 Thomas R. Fay, Tampa, for appellant.
Gerald M. Taylor, of Levine, Freedman, Hirsch & Levinson, Tampa, for appellees.
PER CURIAM.
This is a hotly contested child custody case. The question presented to us is whether the trial judge abused his discretion by returning custody of two children to their father after they had been living with their grandmother for nine years. Our answer is no.
The appellant is the paternal grandmother who lost custody of the children, and the appellees are the natural father and his wife.
Tina and Cathy Williams were adjudicated to be dependent children and were placed in the legal custody of appellant on August 2, 1971. The girls had been in appellant's actual custody since their early infancy in 1967 following the divorce of appellee, Paul Williams, and his first wife, their mother. On September 16, 1975, shortly after his third marriage, Paul Williams, joined by his wife, Barbara, filed his petition for custody of the girls. The children's interests before the trial court were represented neither by the Department of Health and Rehabilitative Services nor by a guardian ad litem.
After discovery, psychological and psychiatric examinations, and social investigations by a court counselor, there were a series of hearings, resulting in the order of December 9, 1976, appealed here, granting custody of the girls to their father. On December 22, 1976, this court denied appellant's motion for review and petition for constitutional stay writ.
After considering the evidence before him, the trial judge was required to base his decision on what he felt were the best interests and welfare of the children over and above all conflicting needs and interests of other parties. Hosking v. Hosking, 318 So.2d 559 (Fla.2d DCA 1975).
This is a difficult and close case, and it may well be that any one of us sitting as the trier of fact would have concluded that the welfare of the girls required them to remain with their grandmother. But, that is not the test, and we may not substitute our judgment for his. Instead, the appellant here must show the trial judge clearly abused his discretion. Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975). After a study of the record before us, we conclude that burden has not been met, and that there is substantial competent evidence underpinning the custody order before us.
Almost one year has elapsed since the change of custody order and we cannot know what has happened to the girls. But, we note they remain under the jurisdiction of the court while they are minors or until the court relinquishes jurisdiction. Therefore, under the powers with reference to dependent children granted by Chapter 39, Florida Statutes, (1975), the court has sufficient authority to monitor the case and enter such further orders of custody, support, visitation, protective supervision by the Department of Health and Rehabilitative Services, and professional counseling for the children, parents or guardians, as may be necessary.
Affirmed.
HOBSON, Acting C.J., and OTT and DANAHY, JJ., concur.