357 So.2d 243 (1978)
Nina Dawn VINES, Appellant,
v.
Doyle Eugene VINES, Appellee.
No. 77-1247.
District Court of Appeal of Florida, Second District.
April 7, 1978.
*244 Patrick W. Skelton, Bay Area Legal Services, Inc., Tampa, for appellant.
No appearance for appellee.
PER CURIAM.
By this appeal the wife challenges a final judgment of dissolution of marriage in two respects; first, that portion of the final judgment awarding custody of the parties' two minor children to the husband, and second, that portion of the final judgment finding the wife in contempt and fining her the sum of $100. We affirm as to the award of custody, but reverse the finding of contempt.
Insofar as the award of custody is concerned, our review of the record reveals that there was evidence, albeit sparse, of the fitness of each parent to have custody of the children. There is a dearth of evidence concerning the specific needs of the children, but we must assume that the trial judge based his decision on what he felt were the best interests and welfare of the *245 children as well as the fitness of the parents. The evidence in this record contains a sufficient foundation to support the custody order of the trial judge. There is likewise sufficient evidence to support a custody order to the mother, and it may well be that any one of us sitting as a trier of fact would have so held. But as we have said before, it is not the function of this court to substitute its judgment for that of the trier of fact who concluded that the best interests of these children would be served by placement with their father. Wray v. Williams, 352 So.2d 152 (Fla. 2d DCA 1977).
The record here does not disclose that clear abuse of the trial judge's discretion which is necessary to reverse the custody order and so that portion of the final judgment is affirmed.
The contempt finding, however, is clearly erroneous as a matter of law. The final judgment does not describe the allegedly contumacious conduct, but the record reveals that it consisted of the wife's failure to appear in the trial court on the date and at the time the final hearing in this case was initially scheduled. (There was no subpoena, order, or other direction by the court requiring her attendance.) At that time the wife was living in Tennessee. Her attorney appeared at that hearing, though she did not. As it turned out, the husband was not prepared to proceed with the final hearing and it was rescheduled for a later date. The wife did appear at the final hearing as rescheduled and this exchange between her and the trial judge then occurred:
The Court: Why weren't you here, Mrs. Vines?
Mrs. Vines: I didn't have a way here or the money to get here.
The Court: That is contempt, to have a case set before a judge and not show up or call. I find you in contempt of court. I don't know what I will do about it, but I find you in contempt right now.
The final judgment, entered eight days after the final hearing in chambers without notice to or the presence of the wife, contained only the following language regarding her contempt:
That this court finds the wife, Nina Dawn Vines, guilty of contempt and fines her $100 to be paid within thirty days of this order.
These scant proceedings show that the trial judge made no effort whatsoever to comply with the provisions of Fla.R. Crim.P. 3.830 or 3.840 governing the procedure to be followed by a judge with respect to direct or indirect criminal contempt.[1] *246 Because of the foregoing, we find no need to recite in detail the respects in which the trial judge failed to conform to either rule; suffice it to say that the rules were apparently ignored in their entirety. It is, of course, necessary that a judge follow these rules in all matters involving criminal contempt. Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977).
The basic law concerning criminal contempt was expressed by the Supreme Court of Florida in Ex Parte Earman, 85 Fla. 297, 95 So. 755 (1923). There the court set forth the definition that "a criminal contempt is conduct that is directed against the authority and dignity of a court or of a judge acting judicially, as in unlawfully assailing or discrediting the authority or dignity of the court or judge, or in doing a duly forbidden act." Clearly, resistance of or an interference with the lawful authority of the court or judge constitutes criminal contempt. Acts which obstruct, interrupt, prevent, or embarrass the administration of justice by the judge constitute contempt.
In determining whether conduct amounts to criminal contempt, the true test is whether the conduct interferes with or impugns the judicial function, not whether it causes a particular judge to feel aggrieved or vexed. Thus, the standard to be applied is objective, not subjective. Punishment for contempt of court is allowed to be imposed, not to satisfy an offended judge, but to vindicate the authority and dignity of the judicial office. Id.
Tested by these standards, the wife's nonappearance at the final hearing as originally scheduled, standing alone, did not constitute criminal contempt. It is clear that, when a party to civil litigation fails to appear at trial, the trial judge may proceed with the trial in the absence of that party. Holt Industries, Inc. v. Airtronics International Corporation, 139 So.2d 731 (Fla. 3d DCA 1962); Ortiz v. Nicolaides, 196 So.2d 186 (Fla. 3d DCA 1967). While the nonappearing party faces jeopardy of substantive rights by making that choice, nonappearance of a party alone does not insult the trial judge, does not constitute a resistance of or interference with his lawful authority, nor does it interrupt or hinder judicial proceedings.
In matters of criminal contempt, it is well to bear in mind the statement in Ex Parte Earman, supra, that "[t]he courts and judges have, under constitutional government, inherent power by due course of law to appropriately punish by fine or imprisonment or otherwise, any conduct that in law constitutes an offense against the authority and dignity of a court or judicial officer in the performance of judicial functions." (Emphasis added.) Thus, a criminal contempt citation cannot stand unless it meets *247 three criteria. The conduct of the party must in law constitute contempt, the contempt proceedings must be "in due course of law," and the punishment must be appropriate to the offense.
That portion of the judgment finding the wife in contempt fails to meet the first two of these criteria. (It is unnecessary, therefore, to decide whether the fine was excessive and inappropriate.) The language in the final judgment regarding the wife's contempt is vacated and stricken.
Affirmed in part and reversed in part.
SCHEB, Acting C.J., and RYDER and DANAHY, JJ., concur.
NOTES
[1] Rule 3.830. Direct Criminal Contempt

A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the Court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
Rule 3.840. Indirect Criminal Contempt
(a) Indirect (Constructive) Criminal Contempt. A criminal contempt except as provided in the preceding subsection concerning direct contempts, shall be prosecuted in the following manner:
(1) Order to Show Cause. The judge, of his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.
(2) Motions; Answer. The defendant, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars or answers such order by way of explanation or defense. All motions and the answer shall be in writing unless specified otherwise by the judge. A defendant's omission to file motions or answer shall not be deemed as an admission of guilt of the contempt charged.
(3) Order of Arrest; Bail. The judge may issue an order of arrest of the defendant if the judge has reason to believe the defendant will not appear in response to the order to show cause. The defendant shall be admitted to bail in the manner provided by law in criminal cases.
(4) Arraignment; Hearing. The defendant may be arraigned at the time of the hearing, or prior thereto upon his request. A hearing to determine the guilt or innocence of the defendant shall follow a plea of not guilty. The judge may conduct a hearing without assistance of counsel or may be assisted by the prosecuting attorney or by an attorney appointed for that purpose. The defendant is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his own defense.
All issues of law and fact shall be heard and determined by the judge.
(5) Disqualification of Judge. If the contempt charged involves disrespect to or criticism of a judge he shall disqualify himself from presiding at the hearing. Another judge shall be designated by the Chief Justice of the Supreme Court.
(6) Verdict; Judgment. At the conclusion of the hearing the judge shall sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty.
(7) The Sentence; Indirect Contempt. Prior to the pronouncement of sentence, the judge shall inform the defendant of the accusation and judgment against him and inquire as to whether he has any cause to show why sentence should not be pronounced. The defendant shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the defendant.