370 So.2d 1241 (1979)
John CARTER, Robert Carter, Tom Aldred, Cecil Biggs, Petitioners,
v.
Dale CARSON, Sheriff of Duval County, Florida, Respondent.
No. NN-279.
District Court of Appeal of Florida, First District.
May 22, 1979.
*1242 Norman J. Abood, Jacksonville, for petitioners.
Jim Smith, Atty. Gen., Richard W. Prospect, Asst. Atty. Gen., for respondent.
PER CURIAM.
Petitioners were arrested and charged with a misdemeanor violation of the obscenity laws, Florida Statute 847.011, and each was placed under bond of $50,000.00. They then filed petition for writ of habeas corpus seeking reduction of their bonds, which resulted in an order reducing the monetary bond in each instance. In the order reducing bond the trial court included as a "special condition", the requirement that petitioners
"... shall not engage in employment connected with or dealing in the possession of obscene materials with the intent to show, sell or distribute the same." (Order reducing bond, March 9, 1979)
Petitioners timely filed their notice of appeal from the March 9 order, and subsequently applied for a constitutional stay writ which this court denied, but at the same time ordered filing of respondent's brief within ten days, and further ordered that the cause be submitted without oral argument.
Respondent first contends that there is no showing before this court that petitioners at any time during the proceedings in the trial court ever objected to the condition of the bond of which they now complain, and that barring such objection, this court is precluded from considering the issue. State v. Barber, 301 So.2d 7 (Fla. 1974). Secondly, respondent argues that the contested condition does no more than to place a requirement upon petitioners that they refrain from violating the criminal laws. Finally, respondent argues that even if the court struck the particular condition complained of petitioners would obtain no real relief, because they would still face the prospect of rearrest in the event they commit further illegal acts.
We note in the first instance that Rule 3.130, Fla.R.Cr.P., governing "Pre-Trial Release" sets forth certain requirements regarding release upon bail and revocation of bail. Subparagraph (b)(4) of that Rule sets out particular "forms of release" recognized as "bail" under the Rule. In addition to the usual forms of monetary bail, the court may place restrictions on the travel, association, or place of abode of the defendant during the period of release (Rule 3.130(b)(4)(i)(4)) or impose any other condition deemed reasonably necessary to insure appearance as required (Rule 3.130(b)(4)(i)(4) and (6)).
Since the particular condition in the order is not specifically provided for by the rules, we must find justification, if any, in the provisions of sub-subparagraph (b)(4)(i)(6) as a condition "deemed reasonably necessary to assure appearance as required". We fail to see any reasonable relationship between the special condition and the assurance of defendants' appearance to answer the charges against them, and respondent's brief has suggested no basis for such a conclusion, and no authority for the condition. We conclude that the special condition enjoins, or attempts to enjoin, some conduct which may or may not be criminal under the laws of Florida, and which has not been shown to bear any relationship to the legitimate purposes of bail, that is, to insure the defendants' appearance at future court proceedings. Cf. The Ladoga Canning Corp., etc. v. McKenzie, etc., 370 So.2d 1137, holding invalid as an impermissible prior restraint injunctions prohibiting distribution of "other printed materials which violate the provisions of Florida Statute 847.011(1)(a)," pointing out that the right to a prior judicial determination *1243 of what may be enjoined as obscene may not be circumvented either through a blanket injunction which prohibits, in essence, the sale of "all obscene materials" or which places the burden of making this determination upon the vendor.
We reject respondent's contention that petitioners must reapply to the trial court in order to have the special condition stricken from the order. We further would conclude from a reading of the entire rule regarding pre-trial release that the court has ample authority under the rules for revocation or increase of bail "for good cause" (Rule 3.130(f), (h)). With the special conditions stricken defendants still remain subject to rearrest for violation of any and all criminal laws, and they may be appropriately dealt with at such time as that event occurs.
That portion of the order reducing bond containing the special condition above referred to is hereby reversed, and shall be deemed of no force and effect, without prejudice to further consideration by the trial court of its own motion, or upon motion of the state, to impose such other conditions of release or additional security for appearance of the defendants as the court may deem necessary after due notice and hearing.
ROBERT P. SMITH, Acting C.J., and ERVIN and LARRY G. SMITH, JJ., concur.