457 So.2d 563 (1984)
Richard C. GLINTON, Petitioner,
v.
Richard WILLE, As Sheriff of Palm Beach County, Florida, Respondent.
No. 84-1959.
District Court of Appeal of Florida, Fourth District.
October 10, 1984.
Rehearing Denied October 31, 1984.
*564 Joseph S. Karp of Bernstein, Narkier, Monchick & Karp, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for respondent.
HERSEY, Judge.
Richard C. Glinton petitions this court for issuance of a writ of habeas corpus to review the trial court's order revoking his pretrial bond and adjudicating him guilty of contempt of court, for which he was sentenced to five months and twenty-nine days in prison.
In October 1983 petitioner was charged with possession of marijuana with intent to sell and was released on $1,000 bond. In August, 1984, on motion of the state, the trial court ordered that as a condition of the bond petitioner stay out of the "field" on the southeast corner of Wingfield Street and 15th Avenue South in Lake Worth, Florida. That "field" is located in petitioner's neighborhood and is known as an area where drugs are sold.
In September, 1984, the state moved to revoke or increase petitioner's bond for violation of this condition. At the hearing on the motion, a police officer testified he had observed petitioner in the "field" at the corner of Wingfield and 15th Avenue. The trial court revoked petitioner's bond and held him in indirect contempt of court for violating the court's order imposing the condition.
An accused who is not charged with a capital offense is entitled to pretrial release on reasonable conditions, unless "no conditions of release can reasonably protect the community from rish of physical harm to persons, assure the presence of the accused at trial, or insure the integrity of the judicial process." Fla.R.Crim.P. 3.131(a). Petitioner correctly contends the requirement that he stay out of the "field" was an improper condition of release.
There is no evidence that the purpose of the trial court's order imposing the condition was other than to prevent him from engaging in the selling of illegal drugs. The "field" was a known area for drug transactions, and petitioner was accused of that very crime. In Harp v. Hinckley, 410 So.2d 619 (Fla. 4th DCA 1982), this court recognized that the primary purpose of bail is to ensure the defendant's presence at trial and that it is improper to use bail "as a means to prevent possible future misconduct by the defendant." Id. at 624. Florida Rule of Criminal *565 Procedure 3.131(a), as amended in 1983, does permit use of conditions of release to protect persons in the community from physical harm, but that purpose is not applicable here. See also Carter v. Carson, 370 So.2d 1241 (Fla. 1st DCA 1979) (condition of pretrial release prohibiting defendants from selling obscene material improper as not bearing any relationship to insuring their appearance at future court proceedings). Thus, the trial court could not impose the condition on petitioner where its purpose in doing so was other than as permitted by Rule 3.131, Florida Rules of Criminal Procedure. We find the condition invalid.
The police officer's testimony provides sufficient evidence to establish, preliminarily, that petitioner violated an order of the trial court. That violation would constitute criminal contempt (as it was "directed against the authority and dignity of a court" and petitioner did a "duly forbidden act," Vines v. Vines, 357 So.2d 243, 246 (Fla. 2d DCA 1978)) so long as there was evidence that petitioner intended to disobey the court's order. It cannot be ascertained from the petition, motion to dismiss, and response filed in this court whether the requisite intent was present. There is no indication of the circumstances under which petitioner was present at the prohibited place. It is possible, (though unlikely), that he was brought there against his will; thus, the element of "intent" would be lacking, and petitioner would not be guilty of criminal contempt.
However, even if petitioner did intend to commit the violation, the order holding him in contempt of court was entered in violation of procedural due process. The court failed to comply with Rule 3.840 of the Florida Rules of Criminal Procedure, which provides in pertinent part:
(a) Indirect (Constructive) Criminal Contempt. A criminal contempt except as provided in the preceding subsection concerning direct contempts, shall be prosecuted in the following manner:
(1) Order to Show Cause. The judge, of his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.
(2) Motions; Answer. The defendant, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars or answer such order by way of explanation or defense. All motions and the answer shall be in writing unless specified otherwise by the judge. A defendant's omission to file motions or answer shall not be deemed as an admission of guilt of the contempt charged.
... .
(4) Arraignment; Hearing. The defendant may be arraigned at the time of the hearing, or prior thereto upon his request. A hearing to determine the guilt or innocence of the defendant shall follow a plea of not guilty. The judge may conduct a hearing without assistance of counsel or may be assisted by the prosecuting attorney or by an attorney appointed for that purpose. The defendant is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his own defense.
All issues of law and fact shall be heard and determined by the judge.
At the conclusion of the hearing on the state's motion to revoke or increase bond, the trial court held petitioner in contempt of court. An order to show cause was not entered, nor was petitioner permitted to file motions or an answer as required by the rule. As stated in Vines v. Vines, 357 So.2d at 245, where the trial court similarly "made no effort whatsoever to comply with *566 the provisions of Fla.R.Crim.P... . 3.840," "it is, of course, necessary that a judge follow these rules in all matters involving criminal contempt. Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977)." Id. at 246. In Pugliese, the Florida Supreme Court held failure to comply with Rule 3.840 violated procedural due process. Id. at 426. In sum, petitioner's assertion that the order of September 19, 1984, is void for failure to comply with procedural due process is correct.
Respondent's motion to dismiss the petition for habeas corpus challenges neither petitioner's statement of the facts of the case nor his allegations that the condition was improper and that he was deprived of procedural due process. Respondent argues only that petitioner failed to comply with certain procedural requirements in filing his petition, specifically:
(1) failure to file an affidavit as required by Section 79.01 of Florida Statutes;
(2) failure to verify the petition;
(3) failure to file an appendix as provided by Rule 9.100(e), Florida Rules of Appellate Procedure;
(4) failure to provide the appellate court with a transcript of the trial court proceedings; and
(5) failure to transmit a copy of the record on appeal to the Attorney General pursuant to Rule 9.140(d), Florida Rules of Appellate Procedure.
Petitioner, in his response to respondent's motion to dismiss, contends the motion should be stricken as untimely. Both parties' arguments are without merit. Florida courts, in recognizing the importance of considering the legality of a defendant's detention, have not required "meticulous observance of the rules of pleading" and will accept even an informal communication as sufficient. Sneed v. Mayo, 66 So.2d 865, 870 (Fla. 1953); Ashley v. State, 158 So.2d 530 (Fla. 2d DCA 1963). Also, a transcript of the trial court proceedings is not necessary for appellate review so long as the record in the appellate court is sufficient to allow it to rule. State ex rel. Scaldeferri v. Sandstrom, 285 So.2d 409 (Fla. 1973). In the instant case, the facts as set forth in the petition (and not contradicted by respondent) and the order of September 19, 1984, provide a sufficient basis for a ruling by this court.
We therefore grant the petition for writ of habeas corpus and direct that petitioner be released from custody within a short time and upon the posting of reasonable bail, or upon such other reasonable conditions as may be imposed by the trial court.
GRANT THE PETITION FOR WRIT OF HABEAS CORPUS.
DOWNEY and DELL, JJ., concur.