NESBITT, Judge.
Kirk was tried for and convicted of grand theft. During the proceeding he was held in criminal contempt. The trial court sentenced Kirk separately for the criminal contempt, instead of scoring that conviction on the guidelines sheet along with the grand theft. Kirk appeals his conviction for grand theft and his sentence on the criminal contempt conviction. Finding the contention regarding the sentence for criminal contempt to be the only one worthy of consideration, we discuss that point and affirm.
Kirk attacks his sentence on the criminal contempt charge, arguing that the conviction should have been scored on the guidelines sheet as an additional offense at conviction,[1] and not been subject to a separate sentence. We disagree.
First, criminal contempt is an offense against the court itself, arising from some conduct in the trial of the original cause. The contempt proceedings are independent of the proceedings on any other offenses. Conviction and sentence on the contempt may occur at any time during the pendency of the proceedings on the other offenses. Since the contempt proceeding is not directly a part of the original cause, see South Dade Farms, Inc. v. Peters, 88 So.2d 891, 899 (Fla.1956), the conviction is not an additional offense at conviction on the original charges.
Second, criminal contempt is a crime against the dignity of the court and the authority to punish it has been considered an inherent power. Ex Parte Earman, 85 Fla. 297, 95 So. 755 (1923); Vines v. Vines, 357 So.2d 243 (Fla. 2d DCA 1978). The power is essential to the vindication of the court’s authority. If criminal contempt convictions are factored into guidelines scoresheets the presumptive sentence *511 could, in many instances, be no greater than if the criminal contempt had not occurred. Such a result clearly diminishes the ability of the courts to vindicate their judicial authority. In other words, the nature of the offense, and its consequences, dictate that the courts be free to independently punish its occurrence. Accordingly, we affirm the sentence imposed for criminal contempt.
Affirmed.

. Imprisonment for criminal contempt may not exceed 12 months. Aaron v. State, 284 So.2d 673, 676 (Fla.1973); § 775.02, Fla.Stat. (1983). Consequently, if classified, it would appear to be a misdemeanor. § 775.08(2), Fla.Stat. (1983). While misdemeanors may be scored as additional offenses at conviction, we find, as discussed below, that the unique nature of this crime calls for independent sentencing.