SCHWARTZ, Chief Judge.
After his arrest on a charge of carrying a concealed firearm, Alvarez posted the $5,000.00 “standard bond” and was released. At the arraignment, the trial judge sua sponte conducted a hearing concerning the appropriate terms of pretrial release, see Fla.R.Crim.P. 3.131(b), and imposed an additional condition of “house arrest” which requires the defendant to wear an electronic security bracelet. By this petition for habeas corpus, he now challenges the propriety of the additional condition. We deny the petition.
It is first apparent, contrary to the position asserted in the petition and below but abandoned at oral argument, that the challenged ruling was not improper merely because there was no showing of a change of circumstances from the time that the petitioner first met the bond. Because there was no prior judicial determination, that requirement obviously does not apply. Compare Burton v. Felton, 625 So.2d 1334 (Fla. 3d DCA 1993) (conditions of release improperly increased absent change in circumstances after appropriate ruling by judge at first appearance).
Considered, as it therefore must be, as an original matter, we find no abuse of discretion in the determination that both conditions of pretrial release, the bond and house arrest, were appropriate. The arrest form— which was not rebutted in any way by the petitioner in the lower court — showed that he was in the possession of an automatic weapon with thirty-six rounds of ammunition in the magazine. Florida Rule of Criminal Procedure 3.131(b)(1), which requires the fixing of conditions of release that, among other things, “will reasonably protect the community from risk of physical harm to persons,” fully justifies the ruling. Compare Glinton v. Wills, 457 So.2d 563, 565 (Fla. 4th DCA 1984) (protection factor inapplicable to marijuana charge).
Habeas corpus denied.